In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00102-CV
______________________________


Â 
IN THE INTEREST OF S. F. L. AND J. F. L., CHILDREN
Â 


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 8th Judicial District Court
Hopkins County, Texas
Trial Court No. 34081


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â Willie Lindley, Jr., appeals from the termination of his parental rights to S.Â F.Â L. and J.Â F.Â L. 
Lindley contends the evidence is insufficient to support the termination because the State did not
prove that he had been finally convicted of a crime or that he was the individual so convicted. 
Â Â Â Â Â Â Â Â Â Â Â Â When reviewing a factual sufficiency challenge to a parental rights termination, we consider
the evidence the fact-finder could reasonably have found to be clear and convincing. In re C.H., 89
S.W.3d 17, 25â26 (Tex. 2002). "Clear and convincing evidence" means the measure or degree of
proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of
the allegations sought to be established. Id.; In re J.F.C., 96 S.W.3d 256, 266 (Tex. 2002); In re
N.H., 122 S.W.3d 391, 395 (Tex. App.âTexarkana 2003, pet. denied). In so doing, we consider
whether disputed evidence is such that a reasonable fact-finder could not have resolved that dispute
in favor of its finding. J.F.C., 96 S.W.3d at 266; C.H., 89 S.W.3d at 26; N.H., 122 S.W.3d at 396. 
If, in light of the entire record, the disputed evidence that a reasonable fact-finder could not have
credited in favor of the finding is so significant that a fact-finder could not reasonably have formed
a firm belief or conviction, then the evidence is factually insufficient. J.F.C., 96 S.W.3d at 266; 
C.H., 89 S.W.3d at 26; N.H., 122 S.W.3d at 396.
Â Â Â Â Â Â Â Â Â Â Â Â The trial court terminated Lindley's parental rights based on his conviction for indecency with
a child. The controlling statute requires the State to allege and prove at least one of the acts or
omissions set out in Tex. Fam. Code Ann. Â§ 161.001(1) (Vernon 2002). Subsection
161.001(1)(L)(iv) provides that a court may terminate parental rights if the court finds, by clear and
convincing evidence, that the parent has
(L)been convicted or has been placed on community supervision,
including deferred adjudication community supervision, for being criminally
responsible for the death or serious injury of a child under the following sections of
the Penal Code or adjudicated under Title 3 for conduct that caused the death or
serious injury of a child and that would constitute a violation of one of the following
Penal Code sections:

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â . . . .

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â (iv) Section 21.11 (indecency with a child); . . . .

Tex. Fam. Code Ann. Â§ 161.001(1)(L)(iv).



Â 
Â Â Â Â Â Â Â Â Â Â Â Â Lindley contends that the evidence is insufficient because the Texas Department of Family
and Protective Services did not prove he was finally convicted of the offense, or alternatively, that
it did not prove he was the individual referenced in the judgments. We first address the adequacy
of the proof of conviction. The statute does not contain language requiring proof of a final
conviction, as would be required in an enhancement context.


 It requires only proof of a conviction. 
In this case, however, we have both situations. The record contains the judgment finding Lindley
guilty (on his plea of guilty) of indecency with a child and sentencing him to five years'
imprisonment, the negotiated plea agreement, the September 5, 2002, opinion by the Eastland Court
of Appeals that dismissed his appeal as untimely, and the mandate from that court. Thus, the
conviction is final. The only remaining possibility would be through a collateral attack on the
judgment. 
Â Â Â Â Â Â Â Â Â Â Â Â In that vein, the record also contains an April 2, 2003, order by the Texas Court of Criminal
Appeals returning Lindley's 11.07 application for writ of habeas corpus to the trial court for a hearing
and findings on his claim of ineffective assistance of counsel as allegedly shown by his untimely
appeal. Such an application under Article 11.07 may be brought "[a]fter final conviction in any
felony case." Tex. Code Crim. Proc. Ann. art. 11.07, Â§ 3(a) (Vernon 2005). Accordingly, the
record contains clear and convincing evidence of Lindley's conviction.
Â Â Â Â Â Â Â Â Â Â Â Â The remaining argument is that the agency failed to adequately prove Lindley was the same
person who pled guilty to the charge, in the absence of fingerprint identification, photographs, or by
some other means.


 As set out above, the statute requires the court to find by clear and convincing
evidence that the parent has been convicted. The State argues that Lindley's claim was subject to
waiver and that, because he did not raise the issue at trial, he cannot now raise the complaint under
Tex. R. App. P. 33.1. We disagree. This is a matter of proof, not procedure, and it remains the
agency's burden to provide evidence to prove its case. 
Â Â Â Â Â Â Â Â Â Â Â Â In this case, Lindley did not testify. The record shows that he was sent papers in prison
informing him of the termination proceeding and that he chose to contest that proceeding. The
conviction was on a charge of indecency against the child of Willie Lindley, Jr., who is one of the
two children involved in this proceeding to terminate Lindley's parental rights. Further, handwritten
correspondence from Lindley to the trial judge acknowledges this particular defendant's relationship
to those children. Lindley was thus identified as the father, both by record and by his own writings,
and was located in prison as a result of this particular conviction.
Â Â Â Â Â Â Â Â Â Â Â Â Under this combination of facts, we conclude the trial court had before it clear and
convincing evidence that Lindley was in fact the same person who pled guilty and was convicted of
indecency with one of these children. The contention of error is without merit.
Â Â Â Â Â Â Â Â Â Â Â Â We affirm the judgment.



Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice
Â 
Date Submitted:Â Â Â Â Â Â Â Â Â Â March 23, 2005
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â April 27, 2005



oFooter, li.MsoFooter, div.MsoFooter
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Footer Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:none;
 tab-stops:center 3.25in right 6.5in;
 mso-layout-grid-align:none;
 text-autospace:none;
 font-size:12.0pt;
 font-family:Shruti;
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;
 mso-bidi-font-family:"Times New Roman";}
p.MsoAcetate, li.MsoAcetate, div.MsoAcetate
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Balloon Text Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:none;
 mso-layout-grid-align:none;
 text-autospace:none;
 font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;
 mso-bidi-font-family:Tahoma;}
span.BalloonTextChar
 {mso-style-name:"Balloon Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Balloon Text";
 mso-ansi-font-size:8.0pt;
 mso-bidi-font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-ascii-font-family:Tahoma;
 mso-hansi-font-family:Tahoma;
 mso-bidi-font-family:Tahoma;}
span.HeaderChar
 {mso-style-name:"Header Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Header;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:Shruti;
 mso-ascii-font-family:Shruti;
 mso-hansi-font-family:Shruti;
 mso-bidi-font-family:"Times New Roman";}
span.FooterChar
 {mso-style-name:"Footer Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Footer;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:Shruti;
 mso-ascii-font-family:Shruti;
 mso-hansi-font-family:Shruti;
 mso-bidi-font-family:"Times New Roman";}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 mso-ascii-font-family:Calibri;
 mso-ascii-theme-font:minor-latin;
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;
 mso-hansi-font-family:Calibri;
 mso-hansi-theme-font:minor-latin;
 mso-bidi-font-family:"Times New Roman";
 mso-bidi-theme-font:minor-bidi;}
.MsoPapDefault
 {mso-style-type:export-only;
 margin-bottom:10.0pt;
 line-height:115%;}
 /* Page Definitions */
 @page
 {mso-page-border-surround-header:no;
 mso-page-border-surround-footer:no;
 mso-footnote-separator:url("6-11-052-CV%20In%20re%20Minnfee%20FINAL%20mtd_files/header.htm") fs;
 mso-footnote-continuation-separator:url("6-11-052-CV%20In%20re%20Minnfee%20FINAL%20mtd_files/header.htm") fcs;
 mso-endnote-separator:url("6-11-052-CV%20In%20re%20Minnfee%20FINAL%20mtd_files/header.htm") es;
 mso-endnote-continuation-separator:url("6-11-052-CV%20In%20re%20Minnfee%20FINAL%20mtd_files/header.htm") ecs;}
@page WordSection1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:1.0in;
 mso-footer-margin:1.0in;
 mso-even-header:url("6-11-052-CV%20In%20re%20Minnfee%20FINAL%20mtd_files/header.htm") eh1;
 mso-header:url("6-11-052-CV%20In%20re%20Minnfee%20FINAL%20mtd_files/header.htm") h1;
 mso-even-footer:url("6-11-052-CV%20In%20re%20Minnfee%20FINAL%20mtd_files/header.htm") ef1;
 mso-footer:url("6-11-052-CV%20In%20re%20Minnfee%20FINAL%20mtd_files/header.htm") f1;
 mso-first-header:url("6-11-052-CV%20In%20re%20Minnfee%20FINAL%20mtd_files/header.htm") fh1;
 mso-first-footer:url("6-11-052-CV%20In%20re%20Minnfee%20FINAL%20mtd_files/header.htm") ff1;
 mso-paper-source:0;}
div.WordSection1
 {page:WordSection1;}
@page WordSection2
 {size:8.5in 11.0in;
 margin:2.0in 1.0in 1.0in 1.0in;
 mso-header-margin:2.0in;
 mso-footer-margin:1.0in;
 mso-even-header:url("6-11-052-CV%20In%20re%20Minnfee%20FINAL%20mtd_files/header.htm") eh1;
 mso-header:url("6-11-052-CV%20In%20re%20Minnfee%20FINAL%20mtd_files/header.htm") h1;
 mso-even-footer:url("6-11-052-CV%20In%20re%20Minnfee%20FINAL%20mtd_files/header.htm") ef1;
 mso-footer:url("6-11-052-CV%20In%20re%20Minnfee%20FINAL%20mtd_files/header.htm") f2;
 mso-first-header:url("6-11-052-CV%20In%20re%20Minnfee%20FINAL%20mtd_files/header.htm") fh1;
 mso-first-footer:url("6-11-052-CV%20In%20re%20Minnfee%20FINAL%20mtd_files/header.htm") ff1;
 mso-paper-source:0;}
div.WordSection2
 {page:WordSection2;}
-->











 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No.
06-11-00052-CV

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  IN
RE:Â  BARRY DWAYNE MINNFEE

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Original
Mandamus Proceeding

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before
Morriss, C.J., Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum
Opinion by Justice Carter

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUMÂ 
OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Barry Dwayne Minnfee has filed a
petition for writ of mandamus in which, as nearly as we can ascertain, he asks
this Court to order the district court judge of the 354th Judicial District
Court Âto Respond to Intentional Tort.ÂÂ 
Minnfee provides no reasoning or analysis to support his demand.Â  He has attached a copy of what appears to be
a pleading entitled ÂIntentional Tort under color of State law Preliminary
Injunction,Â which names counsel for the FBI as the defendant in the caption,
but not otherwise.Â  Minnfee refers to Al
Sharpton and the PresidentÂs review of his case, to surreptitious recording of
suspects, to violations of his privacy by staff and convicted homosexuals, to
allowing unauthorized individuals to read his records.Â  

Â Â Â Â Â Â Â Â Â Â Â  Although this Court has jurisdiction
to issue a writ of mandamus against a district judge, in order to be entitled
to such, a relator must establish that: Â (1) there is no adequate remedy at law to
redress the alleged harm; and (2) only a ministerial act, not a discretionary
or judicial decision, is being sought.Â  State
ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236 S.W.3d 207, 210 (Tex. Crim.
App. 2007). 

Â Â Â Â Â Â Â Â Â Â Â  Minnfee has met neither portion of
that standard in his petition.Â  

Â Â Â Â Â Â Â Â Â Â Â  We deny the petition for writ of
mandamus.Â  

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Jack
Carter

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date
Submitted:Â Â Â Â Â Â Â Â Â  May 18, 2011

Date
Decided:Â Â Â Â Â Â Â Â Â Â Â Â  May 19, 2011